UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ROBINSON,

                Plaintiff,         Civil Action No. 19-10877
v.                                       Honorable Mark A. Goldsmith
                                            Magistrate Judge David R. Grand

MRS. TYLER, et al.,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT TIMOTHY ROONEY'S MOTION TO DISMISS [18]**

On March 25, 2019, Plaintiff Thomas Robinson ("Robinson") filed his *pro se* civil rights complaint in this case, against, *inter alia*, Defendant Timothy Rooney ("Rooney").[1] (Doc. #1). At all times relevant to this civil action, Robinson has been (and remains) a defendant in a pending federal criminal case in the Eastern District of Michigan. At the time Robinson filed his civil complaint, he was on pretrial release, being supervised by Rooney, a United States Pretrial Services Officer. (*Id.*).

Presently before the Court is a Motion to Dismiss filed by Rooney on June 28, 2019. (Doc. #18). On July 19, 2019, Robinson filed a response to this motion (Doc. #22), and on July 25, 2019, Rooney filed a reply (Doc. #25). Subsequently, on August 7, 2019, Rooney filed a supplemental brief in support of his motion to dismiss, in which he advised the Court that Robinson's bond had been revoked on August 1, 2019, and he had been ordered

---

[1] On April 19, 2019, this case was referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b)(1). (Doc. #9).

detained pending trial in his criminal case. (Doc. #26). On August 21, 2019, Robinson submitted a response to this supplemental brief. (Doc. #30).

Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. L.R. 7.1(f). Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

## I.      RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Rooney's Motion to Dismiss **(Doc. #18)** be **GRANTED**.

## II.     REPORT

### A.      Factual Background

As set forth above, aside from being the plaintiff in the instant civil case, Robinson is a defendant in a criminal case pending in this Court before the Honorable Laurie J. Michelson, Case No. 18-cr-20150 (the "Criminal Case"). He is charged with being a felon in possession of a firearm and conspiring to distribute cocaine base. (Criminal Case, Doc. #18). At the time Robinson filed his civil complaint, he was on pretrial release, being supervised by Pretrial Services Officer Rooney. As explained in more detail below, Robinson's civil complaint alleges violations of his constitutional rights relating to circumstances that led to the modification (and, ultimately, revocation) of his bond in the Criminal Case. A brief discussion of Robinson's bond conditions, therefore, will provide some context.

The initial Order Setting Conditions of Release directed, in part, that Robinson not use drugs, participate in a location monitoring program requiring a GPS tether, and live at his mother's house with a curfew as directed by Pretrial Services. (*Id.*, Doc. #10). These conditions were later modified based on the Government's allegations that Robinson was a sex trafficker and a drug dealer, and that while on pretrial release he went to the New Paths Residential Treatment Facility ("New Paths") to recruit women to engage in prostitution. (*Id.*, Doc. #20 at 2). By order dated April 25, 2018, the Honorable Linda V. Parker[2] modified Robinson's bond conditions to prohibit him from entering or loitering around New Paths. (*Id.*, Doc. #27).

On March 22, 2019, Rooney, as Robinson's Pretrial Services Officer, submitted a Petition for Action on Condition of Release ("Petition") requesting a bond hearing in the Criminal Case. (*Id.*, Doc. #59). In the Petition, Rooney advised the Court that Robinson: (1) repeatedly tested positive for marijuana; (2) told his therapist that he slapped his girlfriend in the face and gave her a black eye; (3) told his therapist that he might have information about a missing person, who he alluded might be dead; (4) repeatedly failed to follow Rooney's directives and was confrontational and argumentative; (5) repeatedly failed to properly charge the batteries on his GPS tether; and (6) told his mother not to let Rooney into her house any longer. (*Id.*). As a result, a bond hearing was held in the Criminal Case on March 27, 2019, after which Judge Michelson modified Robinson's bond to include the following additional release conditions:

---

[2] Judge Parker initially presided over the Criminal Case until it was administratively reassigned to Judge Michelson.

> 1. Shall submit to location monitoring with home detention (You are restricted to your residence at all times except for employment; education; religious services; medical appointments; substance abuse counseling; mental health treatment; attorney visits; Court appearances; Court ordered obligations; or other activities pre-approved by Pretrial Services). Must give 24-hours notice to Pretrial Services for all authorized activities and 48-hours for all other requests.
>
> 2. Zero tolerance regarding following all rules and directives of your Pretrial Services Officer, including keeping your GPS tracker charged at all times as instructed by Pretrial Services, complying with all other directives regarding location monitoring and all previously imposed conditions of release.

(*Id.*, Doc. #60).

On March 25, 2019, just three days after Rooney submitted the Petition, Robinson filed his complaint in this civil action under 42 U.S.C. § 1983, alleging, in relevant part, that Rooney had violated his constitutional rights. Although Robinson's claims against Rooney are somewhat unclear, they seem to relate to the events that resulted in the additional bond restrictions imposed against him in his Criminal Case. Broadly speaking, Robinson alleges that Rooney retaliated against him – both for actions Robinson took in the Criminal Case and for issues involving Robinson's fiancée (who was receiving treatment at New Paths) – by making false and misleading statements to the Court in connection with the bond review hearings, which led to the modification (and, ultimately, the revocation) of his bond. (Doc. #1 at 12). Robinson contends that Rooney's alleged actions in these respects violate his First, Fourth, Fifth, and Fourteenth Amendment rights to association, intimacy, freedom of movement, privacy, and due process. (*Id*. at 2, 13).

### B. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also*

*Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading[.]" *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] … is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Rather, such "complaints still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

**C.    Analysis**

As noted, Robinson is a federal pretrial detainee, who was at all relevant times being supervised by Rooney, a federal Pretrial Services Officer. In his complaint, Robinson purports to bring claims against Rooney pursuant to 42 U.S.C. § 1983. (Doc. #1). However, section 1983 provides a cause of action for constitutional deprivations arising out of actions taken under color of state – not federal – law. *See Haines v. Federal Motor Carrier Safety Ass'n*, No. 14-14438, 2015 WL 1912338, at *4 (E.D. Mich. April 27, 2015); *Floyd v. Cleland*, No. 07-13749, 2007 WL 2822796, at *1 (E.D. Mich. Sept. 25, 2007) ("42 U.S.C. § 1983 does not apply to actions against federal officials, because they are not state

actors acting under color of state law."). Rather, it is *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), that provides federal inmates and detainees with a cause of action analogous to § 1983. *See Iqbal*, 556 U.S at 675-76 (2009) (characterizing *Bivens* as the "federal analog to suits brought against state officials under … 42 U.S.C. § 1983") (internal quotations omitted). Accordingly, because Robinson cannot bring a claim against Rooney under section 1983, the Court will construe his allegations under *Bivens.*

"The three contexts in which the Supreme Court has allowed a *Bivens* claim to proceed are Fourth Amendment searches, Fifth Amendment gender-discrimination claims, and Eighth Amendment failure to provide medical care claims." *Elhady v. Pew*, No. 17-12969, 2019 WL 1002414, at *7 (E.D. Mich. Mar. 1, 2019) (citing *Ziglar v. Abbasi*, -- U.S. --, 137 S.Ct. 1843, 1854-1855 (2017)). Here, Robinson's primary claim against Rooney appears to be one for retaliation based on exercise of his purported First Amendment rights. Specifically, Robinson alleges that Rooney lied to Judge Michelson in connection with his March 2019 bond review hearing in order to "induce [her] to modify [his] bond conditions." (Doc. #22 at 12). The problem for Robinson, however, is that the Supreme Court has not recognized a *Bivens* remedy under the First Amendment, nor has the Sixth Circuit.[3] *See Reichle v. Howards,* 566 U.S. 658, 663 n.4 (2012) ("We have never held that

---

[3] In his response to Rooney's motion, Robinson appears to concede that *Bivens* claims "are not recognized as to First Amendment …." (Doc. #22 at 3). Indeed, elsewhere in his response, he maintains that he "has proceeded on alternative legal theories, ie 18 U.S.C. sub. Sec. 1983 versus Bivens bases of liability." (*Id.* at 9). As set forth above, however, Robinson may not bring a claim against Rooney – a federal official – under § 1983. *See Haines*, 2015 WL 1912338, at *4.

7

*Bivens* extends to First Amendment claims."); *see also Meeks v. Larsen*, 999 F. Supp. 2d 968, 981 (E.D. Mich. 2014), *aff'd*, 611 F. App'x 277 (6th Cir. 2015) (holding that "*Bivens* does not apply to First Amendment claims.").

Rooney argues that, because this is the case, allowing Robinson to proceed with his First Amendment retaliation claim would necessitate an extension of *Bivens*. (Doc. #18 at 14-19). The Supreme Court has recognized, however, that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar*, 137 S. Ct. at 1856 (quoting *Iqbal*, 556 U.S. at 675). Moreover, courts have recognized that a *Bivens* remedy "will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Id.* at 1857 (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)). The "special factors" inquiry "must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed. Thus, to be a 'special factor counselling hesitation,' a factor must cause a court to hesitate before answering that question in the affirmative." *Id.* at 1857-58. Chief among those factors is whether alternative remedies exist for addressing the constitutional violations in a particular case. "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* at 1858. Indeed, "when alternative methods of relief are available, a *Bivens* remedy usually is not." *Id.* at 1863.

Here, where Robinson asserts in this civil action that Rooney "intentionally and maliciously[] made materially false statements to the court[]" in the Criminal Case, it is clear that the procedural safeguards of the Bail Reform Act provide him with an alternative

8

remedy to this *Bivens* action. Specifically, that statute provides arrestees/detainees with certain rights – including the right to counsel, to testify, to present witnesses, and to proffer evidence – before detention pending trial is ordered or bond conditions are modified. *See* 18 U.S.C. § 3142(f). Thus, to the extent Robinson believed that Rooney's statements in the Petition were false, a procedure existed whereby he could challenge those statements and argue to the Court that his bond should not be modified or revoked. Indeed, the very purpose of the bond review hearing conducted on March 27, 2019 was to allow Judge Michelson to assess the merits of Rooney's assertions that Robinson had repeatedly failed to comply with the terms of his bond, as well as Robinson's protests to the contrary. In summary, then, because Robinson's claims require an expansion of the recognized *Bivens* contexts, and an alternative remedy exists, special factors counsel hesitation, and the Court should decline to recognize a *Bivens* remedy for Robinson's First Amendment retaliation claim. *See, e.g., Banks v. Merit Sys. Prot. Bd.*, No. 16-61, 2016 WL 693135, at *3 (W.D. Pa. Feb. 22, 2016) (because plaintiff was detained "awaiting trial," the "appropriate vehicle[s]" to allege "violations of [his] constitutional rights" are generally "pretrial motions" in the criminal case); *Fazaga v. Fed'l Bureau of Investigation*, 916 F.3d 1202, 1242-43 (9th Cir. 2019) (*Bivens* claim will not be recognized where there is any alternative, existing process for protecting plaintiff's interests, even when available statutory remedies do not provide complete relief for plaintiff that has suffered constitutional violation).

    Construing Robinson's allegations against Rooney generously, he also alleges that Rooney's actions violated his due process rights. Specifically, Robinson alleges that Rooney delayed in providing him with a copy of the Petition, denying him a meaningful

9

opportunity to defend against the accusations it contained, and then approached him after the March 2019 bond review hearing and essentially confined him to "house arrest." (Doc. #22 at 2-3, 4). According to Robinson, Rooney's actions in these respects violated his "Fifth, Sixth and Fourteenth Amendment rights to adequate notice of the charges he must face in [a] Bond Revocation hearing …." (*Id.* at 2). Again, however, a due process claim is not among the claims specifically recognized by *Bivens*. *See Elhady*, 2019 WL 1002414, at *7. And, for the same reasons articulated above in connection with Robinson's First Amendment claim, the Court should not recognize a new *Bivens* cause of action for such a claim where the Bail Reform Act provides a procedure whereby Robinson can challenge these alleged constitutional violations.

For all of the foregoing reasons, Robinson's complaint against Rooney should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim.[4]

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Rooney's Motion to Dismiss **(Doc. #18)** be **GRANTED**.

Dated: September 4, 2019  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

---

[4] In his complaint, Robinson also references a Fourth Amendment claim against Rooney for "unlawful seizure" or a restriction on his "right to freedom of movement." (Doc. #1 at 3). As this Court previously noted, however (Doc. #12 at 9), such a claim makes little sense in the bond context, where the very premise is to limit the pretrial defendant's freedom of movement to reasonably assure that he will not pose a danger to the community or an unreasonable risk of non-appearance. *See* 18 U.S.C. § 3142(c)(1)(B). Moreover, through the various detention/bond revocation hearings in his Criminal Case, Robinson has had ample opportunity to challenge his bond conditions, including those restricting his right to freedom of movement.

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 4, 2019.

                                            s/Eddrey O. Butts
                                            EDDREY O. BUTTS
                                            Case Manager