UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ROBINSON,

    Plaintiff,

vs.

MRS. TYLER, et al.,

    Defendants.

    _____/

Civil Action No. 19-10877

HON. MARK. A. GOLDSMITH

## OPINION & ORDER
### (1) OVERRULING ROBINSON'S OBJECTIONS (DKT. 15), (2) ACCEPTING THE MAGISTRATE JUDGE'S 5/20/19 RECOMMENDATION (DKT. 12), (3) DENYING ROBINSON'S EMERGENCY MOTION (DKT. 10), (4) ACCEPTING THE MAGISTRATE JUDGE'S 9/4/19 RECOMMENDATION (DKT. 31), AND (5) GRANTING ROONEY'S MOTION TO DISMISS (DKT. 18)

Magistrate Judge Grand has written a report and recommendation ("R&R") (Dkts. 12 and 31) regarding each of two pending motions. Plaintiff Thomas Robinson has filed objections to the first (Dkt. 15), but not the second, of these recommendations. For the reasons stated below, the Court adopts the magistrate judge's recommendations, denies Robinson's emergency motion (Dkt. 10), and grants Defendant Timothy Rooney's motion to dismiss (Dkt. 18).

### I. BACKGROUND

The factual and procedural background have been adequately set forth by the magistrate judge and need not be repeated here in full. In brief summary, Robinson is a defendant in a criminal case, United States v. Robinson, No. 18-20150, currently pending before Judge Michaelson. 5/20/19 R&R at 2 (Dkt. 12). Disputes between Robinson and his Federal Pretrial Services Officer, Defendant Timothy Rooney, and the other Defendants in this case, led to the filing of this civil

action. Id. at 3.[1] The magistrate judge recommends denying Robinson's emergency motion for a temporary restraining order and preliminary injunction against Rooney (Dkt. 12), to which Robinson objected (Dkt. 15).

On June 28, 2019, Rooney filed a motion to dismiss (Dkt. 18), which the magistrate judge recommends granting (Dkt. 31). The fourteen-day deadline for Robinson to file objections has passed. See Fed. R. Civ. P. 72(b).

## II. STANDARD OF REVIEW

The Court reviews de novo any portion of an R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any arguments made for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." See Fed. R. Civ. P. 72 advisory committee notes to 1983 Addition.

The R&Rs have adequately stated the standards of review for motions to dismiss, temporary restraining orders, and preliminary injunctions.

---

[1] Although Robinson presented his claim under 42 U.S.C. § 1983, the magistrate judge treated it properly as a Bivens claim. 5/20/19 R&R at 3. See generally Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 1388 (1971) (providing a cause of action against federal officers analogous to that created by § 1983 for suits against state officers).

### III. ANALYSIS

In the September 4, 2019 R&R, the magistrate judge recommends finding that the implied Bivens claim for First Amendment and due process violations fail, because neither the Sixth Circuit nor the Supreme Court has recognized a Bivens remedy for such violations, and an extension of Bivens is unwarranted where the Bail Reform Act provides Robinson with an alternative remedy. Id. at 6-10 (Dkt. 31). The magistrate judge's reasoning is sound. In the absence of timely objections, this is a sufficient basis for adopting the recommendation to grant Rooney's motion to dismiss.

Because the claims against Rooney are dismissed, Robinson's motion for a temporary restraining order and preliminary injunction against Rooney is dismissed as well. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Here, success on the merits of the claim against Rooney is not only unlikely, but impossible, given that the claims against Rooney are dismissed by this Order. This cements the magistrate judge's conclusion that Robinson had not "established a likelihood of success on the merits of his claim against Rooney." 5/20/19 R&R at 7 (Dkt. 12). Robinson's objections are too incoherent to be parsed into discreet objections. However, he did not contest that he bore the burden of proving likelihood of success on the merits, see Obj. at 10 (Dkt. 15), and he did not argue for an extension of Bivens or otherwise name a cause of action under which his claims could be sustained, id. at 11. Therefore, Robinson's assorted objections to the magistrate judge's 5/20/19

R&R do not provide any basis for overruling the recommendations; his objections are, therefore, overruled.[2]

### IV. CONCLUSION

The Court overrules Robinson's objections (Dkt. 15), adopts the magistrate judge's R&Rs (Dkts. 12, 31), denies Robinson's emergency motion (Dkt. 10), and grants Defendant Timothy Rooney's motion to dismiss (Dkt. 18).

SO ORDERED.

Dated: November 4, 2019  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 4, 2019.

 s/Karri Sandusky
 Case Manager

---

[2] In the Emergency Motion, Robinson also asks the Court to order Rooney's "unknown co-worker to cease and desist retaliatory tactics . . . ." Emergency Mot. at 13 (Dkt. 10). However, the Complaint (Dkt. 1) makes no mention of this individual, and Robinson has failed to provide enough information for the Court even to consider granting injunctive relief.