UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ROBINSON,

                    Plaintiff,          Civil Action No. 19-10877

v.                                   Honorable Mark A. Goldsmith
                                   Magistrate Judge David R. Grand

MRS. TYLER, *et al.*,

                    Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO DISMISS (ECF No. 37)
AND TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1)**

## I.    RECOMMENDATION

On March 25, 2019, Plaintiff Thomas Robinson ("Robinson") filed his *pro se* civil rights complaint in this case against, in relevant part, eight current or former employees of New Paths, Inc. – James Hudgens, Mrs. Tyler, Mrs. Wilson, Mrs. Saunders, Mrs. Summers, Mrs. Erin, Mrs. Cheryl, and Mrs. Lofton (collectively the "New Paths Defendants"). (ECF No. 1). Because Robinson has failed to oppose the New Path Defendants' motion to dismiss, despite being ordered to do so, and for the other reasons discussed below, the Court **RECOMMENDS** that the New Path Defendants' motion to dismiss **(ECF No. 37)** be **GRANTED** and that Robinson's complaint **(ECF No. 1)** be **DISMISSED WITH PREJUDICE**.

## II.    REPORT

### A.    Background

At all times relevant to this civil action, Robinson has been (and remains) a

defendant in a federal criminal case pending in this Court before the Honorable Laurie J. Michelson, Case No. 18-cr-20150 (the "Criminal Case").  There, he is charged with being a felon in possession of a firearm and conspiring to distribute cocaine base.  (Criminal Case, Doc. #18).  At the time Robinson filed his civil complaint in this case, he was on pretrial release, being supervised by Officer Rooney.  As explained in more detail below, Robinson's civil complaint alleges violations of his constitutional rights relating to circumstances that led to the modification and revocation of his bond in the Criminal Case. A brief discussion of Robinson's bond conditions, therefore, will provide some context.

The initial Order Setting Conditions of Release directed, in part, that Robinson not use drugs, participate in a location monitoring program requiring a GPS tether, and live at his mother's house with a curfew as directed by Pretrial Services.  (*Id.*, Doc. #10).  These conditions were later modified based on the Government's allegations that Robinson was a sex trafficker and a drug dealer, and that while on pretrial release he went to the New Paths Residential Treatment Facility ("New Paths") to recruit women to engage in prostitution.  (*Id.*, Doc. #20 at 2).  By order dated April 25, 2018, Robinson's bond conditions were modified to prohibit him from entering or loitering around New Paths. (*Id.*, Doc. #27).

On March 22, 2019, Rooney, as Robinson's Pretrial Services Officer, submitted a Petition for Action on Condition of Release ("Petition") requesting a bond hearing in the Criminal Case.  (*Id.*, Doc. #59).  In the Petition, Rooney advised the Court that Robinson: (1) repeatedly tested positive for marijuana; (2) told his therapist that he slapped his girlfriend in the face and gave her a black eye; (3) told his therapist that he might have

information about a missing person, who he alluded might be dead; (4) repeatedly failed to follow Rooney's directives and was confrontational and argumentative; (5) repeatedly failed to properly charge the batteries on his GPS tether; and (6) told his mother not to let Rooney into her house any longer.  (*Id.*).  As a result, a bond hearing was held in the Criminal Case on March 27, 2019, after which Judge Michelson modified Robinson's bond to include additional release conditions.  (*Id.*, Doc. #60).

On March 25, 2019, just three days after Rooney submitted the Petition, Robinson filed his complaint in this civil action under 42 U.S.C. § 1983, alleging, in relevant part, that the New Paths Defendants conspired with the Federal Bureau of Investigation ("FBI") to violate his civil rights by prohibiting him from visiting New Paths.  On February 13, 2020, the New Paths Defendants filed a motion to dismiss Robinson's claims.  (ECF No. 37).  On February 18, 2020, this Court issued an Order Requiring Response to Motion to Dismiss.  (ECF No. 38).  In that Order, the Court specified that if Robinson wished to oppose the New Path Defendants' motion, he was required file a response on or before March 13, 2020.  (*Id.*).  Robinson was specifically warned that, "**Failure to file a timely response may result in a recommendation that the defendants' motion be granted**." (*Id.* (emphasis in original)).  To date, however, Robinson has not filed a response in opposition to the New Path Defendants' motion.

## B. Analysis

Federal Rule of Civil Procedure 41 governs dismissals of actions.  As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a

> court order, a defendant may move to dismiss the action or any claim
> against it. Unless the dismissal order states otherwise, a dismissal
> under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a case for failure to prosecute or comply with an order.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630.  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's
> conduct; (3) whether the dismissed party was warned that failure to
> cooperate could lead to dismissal; and (4) whether less drastic
> sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first factor, it is not clear whether Robinson's failure to respond to the New Path Defendants' motion to dismiss is due to willfulness, bad faith, or fault.

4

However, the Court notes that Robinson has not participated in this case in any meaningful way in more than six months  Specifically, he has not engaged in discovery; he did not file a witness list in accordance with this Court's Scheduling Order (ECF No. 32); and he did not file a response to the New Path Defendants' dispositive motion, even when warned that a failure to do so could result in that motion being granted (ECF No. 38).  Thus, the first[1] and third factors weigh in favor of dismissal.  As to the second factor, the New Paths Defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Robinson's apparent abandonment of his claims. The Court is sympathetic to the New Paths Defendants' plight, as they have been forced to expend time and resources researching and drafting their motion to dismiss, despite the fact that Robinson apparently is not inclined to pursue his case.

Finally, the fourth factor weighs heavily in favor of dismissal, as Robinson has been given a clear warning that his failure to respond to the New Paths Defendants' motion could result in dismissal of his claims.  As set forth above, since August 2019, Robinson has not taken *any* action to advance his case; he failed to file a witness list, engage in discovery, or respond to the pending dispositive motion.  Given these facts, and in light of the Court's express warning to Robinson that his claims could be dismissed if he failed to act, the Court

---

[1] With respect to the first factor, just as in *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault."  Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*.

sees no utility in imposing a sanction short of dismissal. Thus, all four of the factors weigh in favor of dismissal for failure to prosecute.

Moreover, the Court notes that the New Paths Defendants' cogent Rule 12(b)(6) motion to dismiss and brief in support, to which Robinson did not respond, explains in detail why Robinson's claims fail to survive such a motion. (ECF No. 37). Broadly speaking, Robinson alleges that, "New Path director and staff members conspired under color of law, with government actors (FBI Agent Todd Reineck and unknown agents) to deny First Amendment rights, guarantees and protections by manufacturing false information." (ECF No. 1, PageID.2). Robinson contends that the New Paths Defendants' alleged actions in this matter violate his First and Fourteenth Amendment rights to association, intimacy, privacy, and due process. (*Id.*, PageID.2, 5, 7-9, 14-16, 19-20). Specifically, Robinson alleges that the New Paths Defendants, while acting at the direction of the FBI, failed to verify the existence of a court order prohibiting him from visiting his fiancé at New Paths and enforced said order in violation of his civil rights. (*Id.*, PageID.5, 7-9). But, for the reasons set forth below, and in greater detail in the New Paths Defendants' brief in support of their motion to dismiss, the Court finds that Robinson's complaint fails to state claim as to the New Paths Defendants and, thus, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6):

- Robinson's complaint fails to allege that the New Paths Defendants were personally involved in the alleged constitutional deprivations. In order to demonstrate liability under 42 U.S.C. § 1983 as to any particular defendant, a plaintiff must first establish that that defendant acted under color of state law and that his actions violated rights secured by the Constitution and/or laws of the United States. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979). The plaintiff also must make a clear showing that each defendant was

personally involved *in the activity that forms the basis of the complaint*. *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Despite naming them as defendants in this suit, Robinson fails to include any specific allegations about Mrs. Tyler, Mrs. Wilson, Mrs. Saunders, Mrs. Summers, Mrs. Erin, Mrs. Cheryl, or Mrs. Lofton in his complaint, let alone explain how each of these defendants violated his constitutional rights.  As such, Robinson's claims against these seven defendants should be dismissed.  *See Bright v. Thompson*, 467 F. App'x 462, 464 (6th Cir. 2012).

- Robinson has likewise failed to adequately plead any claims against "James Hudgens, director of new path"; rather, he merely alleges in conclusory fashion that, "New Paths Directors: is liable individually and supervisory capacities for failing to verify court ordered Constitution denial of visitation by Plaintiff without due process of law and in supervisory capacities instructing subordinates to enforce a non-existent order."  (ECF No. 1, PageID.8).  Elsewhere, Robinson alleges generally that, "[t]he director failed to follow procedures within the policies of New Path operational procedures"; "[t]he directors influenced in part by coercive power and tactics of FBI agents, abdicated his duty to verify the conditions set forth in the order"; and that, "[t]he director was a causative connection between the wrongful purpose and the furtherance of injury to Plaintiff's deprivations, liberties, and privileges, and this is liable as a co-conspirator."  (*Id.*, PageID.8, 9).  But, supervisory liability under § 1983 "cannot be based upon a mere failure to act but must be based upon active unconstitutional behavior."  *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002).  Thus, where Robinson's allegations against Hudgens amount to – at most – a mere failure to act (i.e., failing to verify the existence of an order), supervisory liability under 42 U.S.C. § 1983 is not appropriate.  *Id.*

- Robinson's complaint also fails as a matter of law because the New Paths Defendants are not "state actors" under 42 U.S.C. § 1983.  To state a claim for relief under § 1983, "a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law."  *Wershe v. Combs*, 763 F.3d 500, 504-05 (6th Cir. 2014) (internal citations omitted).  Thus, state action is an essential element of any § 1983 claim against any defendant.  *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 58 (1999).  Moreover, courts in this district have consistently held that private entities providing residential treatment services, such as New Paths and its employees, are not state actors under 42 U.S.C. § 1983.  *See, e.g., Range v. Eagan*, No. 17-11245, 2017 WL 9477693, at *4 (E.D. Mich. Dec. 6, 2017) ("courts in this district have routinely and consistently held that [a private entity's] provision

7

of substance abuse counseling to parolees, pursuant to contract with the MDOC, does not amount to state action"); *Roberts v. Paige*, No. 10-13743, 2013 WL 5435201, at *6 (E.D. Mich. Sept. 27, 2013) (substance abuse treatment "cannot plausibly be deemed an exclusive state function"); *Blair v. Mich. Dep't of Corr.*, No. 12-13661, 2012 WL 5511763, at *2 (E.D. Mich. Nov. 14, 2012) ("Even assuming that [a private entity] receives state funding and/or creates an opportunity for probationers to complete a substance abuse program in lieu of prosecution or serving a sentence, this does not necessarily make it a state actor."); *Cain v. Caruso*, No. 08-14699, 2009 WL 2475456, at *7 (E.D. Mich. Aug. 11, 2009) (director of privately owned, non-profit, charitable organization providing substance abuse treatment to parolees was not a state actor under 42 U.S.C. § 1983). Thus, where it is clear that the New Path Defendants did not act under color of state law, dismissal of Robinson's claims against them is warranted on this basis as well.[2]

- Finally, Robinson has failed to plead, and cannot establish, the *prima facie* elements of a conspiracy claim under 42 U.S.C. § 1985(3). To succeed on such a claim, "a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir.1994). Additionally, the plaintiff must allege that "the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir.1999). With respect to this claim, Robinson alleges generally that his "First and Fourteenth Amendment Rights to privacy and due process of law were violated when New Path director and staff members conspired under color of law, with government actors (FBI Agent Todd Reineck and unknown agents) to deny First Amendment rights, guarantees and protections by manufacturing false information." (ECF No. 1, PageID.2, 14-15). Robinson further alleges that his rights were violated when "New Paths director and staff members conspired (knowingly/unknowingly-same result) with FBI Agents on basis of

---

[2] To the extent Robinson's complaint can be read as pleading a claim against the New Paths Defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), such a claim also fails as a matter of law. This is because courts have recognized that there is no private right of action under *Bivens* for damages against private entities that engage in allegedly unconstitutional conduct while acting under color of federal law. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001); *see also Minneci v. Pollard*, 565 U.S. 118 (2012) (*Bivens* does not apply to employees of a private prison who are not federal officers even when operating under contract with the federal government).

manufactured false information that the court has issued an order prohibiting contact between Plaintiff and his fiancé and failing to verify existence of such order, when actions are taken that affects family and/or friends constitutional rights." (*Id.*, PageID.5). Thus, where Robinson does not assert that the New Paths Defendants' alleged actions were motivated by racial, or other class-based, invidiously discriminatory animus, his § 1985 claim fails as a matter of law.

For all of the foregoing reasons, Robinson's complaint against the New Paths Defendants fails to state a claim upon which relief can be granted.

## III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the New Path Defendants' motion to dismiss **(ECF No. 37)** be **GRANTED** and that Robinson's complaint **(ECF No. 1)** be **DISMISSED WITH PREJUDICE**.

Dated: March 30, 2020                          s/David R. Grand
Ann Arbor, Michigan                          DAVID R. GRAND
                                             United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith*

*v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2020.

s/Eddrey O. Butts_____
EDDREY O. BUTTS
Case Manager